J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California  91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Robert J. Ward
Steven E. Ross
Gardere Wynne Sewell, L.L.P.
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone:  (214) 999-4200
Facsimile:   (214) 999-3266

JS-6

Attorneys for Plaintiff Heeling Sports Limited

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heeling Sports Limited, | Case No. 2:06-cv-07624-FMC-PLAx |
| Plaintiff, | FINAL JUDGMENT |
| v. | |
| U.S. Furong Int'l Inc., Apple Footwear, Inc., Air Fly, 2000 Shoes, Zi Zhen Qiao a/k/a Jenny Qiao, and Does 1 – 10, inclusive, | |
| Defendants. | |

PURSUANT TO Federal Rule of Civil Procedure 58(a), and this Cause having come before this Court on remand from the United States Court of Appeals for the Federal Circuit and on the motion of plaintiff Heeling Sports Limited ("Heeling" or "Plaintiff") for damages pursuant to default and permanent injunction against defendants U.S. Furong International, Inc., Apple Footwear, Inc., Air Fly, 2000 Shoes, and Zi Zhen Qiao a/k/a Jenny Qiao (collectively, "Defendants");

Heeling Sports v. US Furong, et al.: Proposed Final Judgment         - 1 -

AND, the Court having read the pleadings, declarations, and exhibits on file in this matter and having reviewed such evidence as was presented in this matter;

IT IS THEREFORE ORDERED AND ADJUDGED that:

1. Heeling is in the business of designing, manufacturing, and distributing wheeled footwear that is covered and protected by, *inter alia*, United States Patent Nos. 6,406,038; 6,739,602; and 6,746,026 (collectively, the "Patents").

2. Defendants have imported, distributed, sold, and offered for sale products that infringe upon Heeling's wheeled footwear ("Infringing Product").

3. Defendants and their agents, servants, employees, and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

> a. Infringing Heeling's Patents, either directly or indirectly, in any manner, including but not limited to manufacturing, reproducing, importing, distributing, using, advertising, selling and/or offering for sale any Infringing Product, or inducing the making, using, selling or offering for sale of any Infringing Product; and
>
> b. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers and/or members of the public to believe that the actions of Defendants, the Infringing Product, or any other product sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are in any way affiliated with Plaintiff.

4. Under 35 U.S.C. § 284, Heeling has established a reasonable royalty of Fifteen Dollars ($15.00) per unit of Infringing Product.

5. Pursuant to 35 U.S.C. § 284, Defendants are ordered to pay patent damages to Heeling in the amount of Two Million Seven Hundred Ninety-Two

Thousand Two Hundred Fifty Dollars ($2,792,250.00), ~~and pre-judgment interest thereon~~.

6. Pursuant to 28 U.S.C. § 1961(a), Defendants are ordered to pay post-judgment interest on the patent damages described in the preceding paragraph at the statutory rate.

7. Pursuant to 35 U.S.C. § 285 and Local Rule 55-3 of the United States District Court for the Central District of California, Defendants are ordered to pay Heeling's attorneys' fees and costs in the amount of Fifty-Four Thousand Four Hundred Thirty-Six Dollars and Ninety-Five Cents ($54,436.95).

8. ~~This is an "exceptional case," and Defendants are ordered to pay pre-judgment interest on the above-described principal amount of the judgment to Heeling at the statutory rate pursuant to 35 U.S.C. § 285.~~

9. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this judgment.

IT IS SO ORDERED:

DATED: June 15, 2009

_____
Hon. Florence-Marie Cooper
United States District Judge

PRESENTED BY:

J. Andrew Coombs,
A Professional Corporation

By: __/s/ Annie S. Wang_____
    J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Heeling Sports Limited

Heeling Sports v. US Furong, et al.: Proposed Final Judgment       - 3 -